## BURGESS *against* TUCKER.

THIS was an action of debt, on an arbitration bond, in the penal sum of 1,000 dollars. The declaration was in the usual form. The defendant pleaded *non est factum*, with notice, setting forth the condition of the bond, which was to abide the award of certain arbitrators, and an award made in pursuance of the submission, for twelve dollars and fifty-nine cénts, in favour of the plaintiff; and also of a *set-off* of a note made by the plaintiff to *Asahel Chappel*, dated the 5th *September*, 1808, for 38 dollars and 89 cents, payable to him or bearer, .on demand, with interest, and which note the defendant had purchased of *Chappel*. After issue joined, the plaintiff, pursuant to the statute, assigned breaches of the covenant contained in the condition of the bond; one of the breaches stated the making of an award by the arbitrators, pursuant to the submission, by which they awarded, that the defendant should pay to the plaintiff, on the 1st *January*, 1809, the sum of 12 dollars and 59 cents, and alleged the non-payment of the said sum by the defendant, &c.

The cause was tried at the *Onondaga* circuit, the 19th *June*, 1809, before Mr. Justice *Thompson*.

At the trial, the plaintiff proved the bond, and the award, as set forth in the suggestion of the breaches of the condition. The defendant, then, offered to prove the note of which he had given notice with his plea; and to set off the amount of the award, and have the balance

In an action of debt, brought for the penalty of a bond, conditioned for the performance of the award of arbitrators, one of the breaches assigned, pursuant to the statute, was, that the defendant did not pay to the plaintiff the sum of 12 dollars and 59 cents, awarded by the arbitrators to be paid to the plaintiff by the defendant. The defendant pleaded *non est factum*, and gave notice of a set-off of a promissory note given by the plaintiff for 38 dollars and 89 cents, and claimed the balance in his favour. It was held, that the set-off was admissible, and the defendant entitled to judgment for the balance. In an action on an *award* of arbitrators, made in pursuance of a submission by bond, the defendant may set off a debt due to him from the plaintiff. An *award* for the payment

of a sum of money may be set off. Notwithstanding the set-off allowed in an action on an arbitration bond, the penalty of the bond remains as a security for all future breaches of the condition.

The statute allowing *set-offs* is not strictly confined to bonds given for the payment of money.

The penalty of a bond cannot be set off; nor is the obligor of a penal bond, in an action against him, required to set off his demands against the penalty.

certified in his favour. The plaintiff objected to the set-off against the damages sustained by a breach of the condition of the bond; and insisted, that if any set-off was allowed, the penalty of the bond must be taken as the debt, and the set-off allowed against that. But the judge overruled the objection; and the note was proved and read in evidence; and the jury, under his direction, found a verdict for the defendant, and certified a balance in his favour, after deducting the amount of the award, of 27 dollars and 94 cents.

A motion was made to set aside the verdict, and for a new trial.

*Kellogg*, for the plaintiff. The only question is, whether the defendant ought to have been permitted to *set off* the note against the bond. Our act* is copied from the *English* statute of 8 *Geo.* II. c. 24. and the decisions, in *England*, under that statute, will apply here.† Before that statute, the defendant could not set off, until after a judgment in favour of the plaintiff. The statute applies only to bonds for the payment of money. This bond was not for the payment of money, but for the performance of an award. If a judgment should be entered up on the verdict in this case, the plaintiff could not assign any further breaches of the condition, under the statute; and he would thus be deprived of his remedy, in case of any future breaches.‡ No bond can be set off, unless it is for the payment of money. The plaintiff could not have *set off* this bond, in an action brought by the defendant against him on the note. If the bond could not be set off, then nothing can be set off against it; for the right of set-off must be reciprocal.

Admitting, however, that a set-off can be made against such a bond, still, I contend, it must be against the penalty, and not against the damages sustained by the breach of the condition, which are unliquidated.

* *Laws of N. Y.* 24 sess. c. 90.

† 2 *Johns. Rep.* 155.

÷ 2 *Burr.* 1024.

The case of *Hutchinson* v. *Sturges*\* is in point to show that no debt on bond can be set off, unless it be on a bond for securing the payment of money.

*Sill,* contra. The words of the act are, " that if any bond, bill or contract, with such penalty as aforesaid, shall be given in evidence for the plaintiff or defendant, the sum *bona fide* and in equity due, and not the penalty, shall be deemed to be the debt due." These words of our act are not to be found in the statute of 8 *Geo.* II. c. 24. There can be no possible hardship in allowing the set-off; for should any future breach of the condition occur, the plaintiff may bring his action, notwithstanding the judgment in this case.†

It is true, the bond against which a set-off is to be allowed, must be for a certain sum. There must be a debt. Though a bond be originally for an amount uncertain; yet if, by any subsequent event, the amount be made certain, it may be set off. In the case of *Fletcher* v. *Dytche,*‡ an agreement, where the damages were liquidated, was allowed to be set off. So, in *Collins* v. *Collins,*§ a set-off was allowed in an action on a bond conditioned for the payment of an annuity, and also for the maintaining and keeping one *I. C.*

If the action had been brought on the *award* itself, the note might have been *set off;* and there can be no reason why it may not also be set off, when the action is on the bond. The 12 dollars and 59 cents awarded must be considered as the real debt.

THOMPSON, J. delivered the opinion of the court. This was an action of debt upon a bond, conditioned for the performance of an award. By the pleadings and assignment of breaches, it appears, that the award was in favour of the plaintiff, for the sum of 12 dollars and 59 cents, for the recovery of which this action was

NEW-YORK,
Nov. 1809.

BURGESS
v.
TUCKER.

\* *Willes,* 261.
*Bull. N. P.* 179.

† 2 *Burr.* 825.

‡ 2 *Term Rep.*
32.

§ 2 *Burr,* 820.

brought. The defendant, pursuant to his plea and no-
tice, offered in evidence, as a set-off, a promissory note,
drawn by the plaintiff to one *Chappel*, and duly indorsed
to the defendant. This was objected to, but admitted.
And the questions now presented to the court are, whe-
ther any set-off was admissible in this case ; and if so,
whether it ought not to be against the penalty, and not
against the award.

We think the set-off was properly admitted. The
statutes in *England*, and our act, allowing a set-off, have
always been considered as very beneficial acts, tending
to prevent circuity of action. It is laid down by *Mon-*

* *Law of Set-
off.*

*tagu*,* (p. 18.) that a set-off cannot be pleaded to a debt
on bond, conditioned for the performance of covenants,
where damages are to be assessed by a jury, nor to an
action for general damages, in covenant or *assumpsit;*
but a set-off may be pleaded to an action of debt, co-
venant, or *assumpsit*, for a *sum certain*. Is not the pre-
sent action for a sum certain? The plaintiff claimed
nothing more than the 12 dollars and 59 cents. Had
the action been upon the award, and not upon the bond,
no objection certainly could have been made to the set-
off. The action, though in form upon the bond, is in
substance upon the award ; and to exclude the set-off
would be yielding substance to form. In order to al-
low a set-off, the plaintiff's cause of action must be
such, that it would have been a good set-off for him,
had he been the defendant. (2 *Johns. Rep.* 155.) Suppose
the parties in this case changed, and the action had been
by the defendant against the plaintiff, upon this note.
What possible objection could there have been against
the plaintiff's setting off the award. The sum is certain,
liquidated, and precisely ascertained. Wherever the
debt is so certain, that an *indebitatus assumpsit* would
lie for it, it may be set off. (*Cowp.* 56.) The *English*
statutes on this subject are in substance the same as

ours ; so that their decisions upon the construction of their statutes, are in point as to the construction of ours. (2 *Johns. Rep.* 155.) In the case of *Collins* v. *Collins,* (2 *Burr.* 825.) Lord *Mansfield* says, that before the statute, the actual payment of money in discharge of the demand was exactly upon the same footing as the set-off of a debt is now put upon ; and a plea of payment of a sum of money sufficient to discharge the whole demand, was just the same, *then,* as the set-off of a debt large enough to balance the whole demand is now. It was a full answer to the plaintiff's demand ; and he could have no judgment at all against the defendant. The setting off of mutual debts has become equivalent to actual payment, and a balance shall be struck, as in equity and justice it ought to be. To apply these principles to the case before us ; would it not have been competent for the defendant to have craved *oyer* of the bond and condition, and set out the award, and plead payment of the 12 dollars and 59 cents ? If so, it necessarily follows, that such payment may be shown by a set-off. This case likewise decides, that notwithstanding the set-off being allowed, the penalty of the bond remains as a security against all future breaches, which is an answer to one of the difficulties suggested by the plaintiff's counsel. In this case also, the condition of the bond was not only for the payment of an annuity, but for the maintenance of a certain person therein named ; which shows, that the right of set-off to bonds is not confined to cases where the condition is for the payment of money only. The set-off may be good as to one part of the condition, and not as to another. We do not understand our statute, (24 sess. c. 90.) as saying, or implying, that a set-off to an action on the penalty of a bond, is confined to cases where the condition is for the payment of money only. It only declares, that when the action is for the recovery of a penalty for the non-payment of money only, the sum *bona fide* and in equity due, and

not the penalty, shall be deemed to be the debt due. But were it necessary to go thus far, I should consider, that the bond in question, by the award, became substantially a bond for the payment of ·12 dollars and 59 cents.

In order to determine the right of set-off, we may look at the state of things disclosed by the pleadings, and the object and intention of the bond ; we are not confined to what appears on the face of it. In the case of *Fletcher* v. *Dytche*, (2 *Term Rep.* 32.) the bond was conditioned for the performance of certain work within a stipulated time, and on failure thereof, for the payment of a weekly sum thereafter, until the work was finished. The work not being finished within the time, the sum of 40l. became forfeited, according to the provisions of the bond, and this sum was allowed to be a good set-off. This bond, upon the face of it, was not conditioned for the payment of money, but for the performance of work ; and whether the weekly forfeiture could ever become payable, was, at the time of the execution of the bond, contingent and uncertain, but was made certain by matter *ex post facto*. Upon the face of the bond, nothing was due to the obligee ; and whether any thing ever would become due, depended altogether upon subsequent events, to be established by proof, *dehors* the bond. The only question with the court was, whether the set-off, offered in evidence, had not become certain and liquidated damages. So, in the case before us, the bond, upon the face of it, is for the performance of certain engagements, in their nature uncertain and contingent, at the time of the execution of the bond ; but which became certain by the subsequent award, which, so far as respects the 12 dollars and 59 cents, may be considered as liquidating the damages.

2. Whether the set-off must be against the penalty. The only breach assigned, which was relied on, was the non-payment of the 12 dollars and 59 cents ; that is the

real amount of the plaintiff's demand, and for which the suit must be deemed to have been brought. In the case of *Nedriff* v. *Hogan*, (2 *Burr*. 1025.) there was an attempt to set off the penalty; and Lord *Mansfield* said, this is clearly most unjust, and contrary to the intention of the acts of parliament, that the whole penalty should be admitted to be pleaded by way of set-off, when perhaps a very small sum was really due, for such damages as the defendant had actually sustained. If the penalty be not the sum to be set off, it would seem to follow, as a necessary consequence, that it is not the sum against which the set-off is to be made.

The motion for a new trial must be denied.

Motion denied.